PROB 12
(02/05-D/CO)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

U. S. A. vs. Aaron Michael Faulkerson                              Docket Number: 05-cr-00510-PSF-01

**Petition for Modification of Conditions of Supervised Release**

COMES NOW, Marcee Fox, probation officer of the court, presenting an official report upon the conduct and attitude of Aaron Michael Faulkerson who was placed on supervision by the Honorable Kathleen Cardone sitting in the court at El Paso, Texas, on the 6th day of January, 2005, who fixed the period of supervision at three years, and imposed the general terms and conditions theretofore adopted by the court and also imposed special conditions and terms as follows:

1. The defendant shall participate in a program approved by the Probation Officer for the treatment of narcotic addiction or drug or alcohol dependency which may include testing and examination to determine if the defendant has reverted to the use of drugs or alcohol.  The defendant may be required to contribute to the costs of services rendered (copayment) in an amount to be determined by the Probation Officer, based on the defendant's ability to pay.

2. The defendant shall abstain from the use of alcohol and/or all other intoxicants during the term of supervision.

3. The defendant will obtain his General Equivalency Diploma (GED) certificate during the term of supervised release.

**Jurisdiction of this case was transferred from the Western District of Texas to the District of Colorado on November 30, 2005.**

RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:

See attachment hereto and herein incorporated by reference

PRAYING THAT THE COURT WILL ORDER that the pending supervised release violation proceedings be vacated and that the defendant's conditions of supervised release by modified to include the following special condition: 1) The defendant shall reside in a residential re-entry center for a period of up to six (6) months, or until released from the facility by the probation officer.  The defendant shall observe the rules of that facility; and 2) The defendant shall ingest monitored antabuse if not medically contraindicated.

ORDER OF THE COURT

Considered and ordered this 11th day of May, 2007, and ordered filed and made a part of the record in the above case.

s/ Edward W. Nottingham

Edward W. Nottingham
District Court Judge

I declare under penalty of perjury that the foregoing is true and correct.

S/Marcee J. Fox

Marcee J. Fox
Senior Probation Officer

Place: Denver, Colorado

Date: May 10, 2007

ATTACHMENT

On October 13, 2005, the conditions of supervised release were read and explained to the defendant. On that date he acknowledged in writing that the conditions had been read to him, that he fully understood the conditions, and that he was provided a copy of them. The term of supervised release commenced on October 7, 2005.

On May 4, 2007, and May 10, 2007, respectively the defendant and his attorney executed a form entitled "Waiver of Hearing to Modify Conditions of Probation/Supervised Release or Extend Term of Supervision" which waives the right to a hearing and agrees to the proposed modification of his conditions of supervised release. Assistant United States Attorney Gregory Rhodes has been consulted and has no objection to the proposed modification.

This petition is based on the following facts:

Following his conviction for Underage Possession/Consumption of Alcohol, Summit County Case Number 06M880, the defendant was directed to report to Correctional Management Inc. (CMI) for a substance abuse intake and assessment. He was also reminded that he has a special condition of supervised release that states that he can not consume alcohol. The assessment was completed on December 19, 2006. It was recommended that the defendant attend individual sessions to address relapse prevention. The Probation Office received written notification that the defendant failed to attend treatment at CMI on January 25, 2007. The defendant failed to continue to attend further treatment sessions after that date.

On September 23, 2006, the defendant signed a program plan at CMI, agreeing to submit a minimum of four random urine tests per month. He failed to provide urine specimens on October 28, 2006, November 15, 2006, February 14, 2007, and February 24, 2007.

On February 18, 2007, Arvada Police Officers responded to the defendant's house on a disturbance. The defendant, his wife, and his step-father, were outside their residence, when two males began arguing across the street. The defendant and his step-father told the males to "take it somewhere else." Upon doing so, they became involved in an altercation with the males. One of the males pulled a gun on the defendant in a threatening manner. The defendant, his step-father, and one of the other males was cited for Disorderly Conduct.

On March 3, 2007, Arvada Police Officers responded to the defendant's residence on a domestic violence complaint. Upon arrival, officers learned the defendant was involved in an argument with his wife, Amber Faulkerson. Information reveals that during the argument, the defendant attempted to strangle his wife. When Lakewood police arrested the defendant, they could smell alcohol on his breath. The defendant admitted that he had been drinking. The defendant was taken into custody and booked into Jefferson County Jail on charges of Second Degree Assault, Jefferson County Court Case number 07CR675. On March 7, 2007, the defendant bonded out of jail and an additional charge of Third Degree Assault was added. He is next scheduled to appear in Jefferson County Court on May 21, 2007, for a pre-trial conference.

A warrant was issued for the defendant's arrest on March 21, 2007, based on new criminal charges and failure to report to CMI for urine testing and substance abuse treatment. On March 26, 2007, Magistrate Judge Hegarty ordered the defendant detained pending bed space at the residential reentry center. The defendant was released to Independence House on April 19, 2007.

On April 30, 2007, I met with the defendant. He admitted that he had been drinking alcohol excessively following his termination from his last job and the death of his best friend. He began a new job on May 1, 2007, working as an electrician. The defendant will also begin dual diagnosis treatment at CMI the week of May 7, 2007.

The Probation Department believes that the defendant could continue to benefit from the structure of the residential re-entry center. Also, prior to his release from the residential reentry center, the defendant would complete a physical by a medical practitioner to determine if he is able to ingest antabuse.